## SETTLEMENT AGREEMENT AND GENERAL RELEASE

David Duque ("Duque") and Protech Security Group, Inc. ("Protech" or "the Company") (hereafter "the Parties") voluntarily agree to completely settle and resolve all claims Duque may have against the Company as of the time Duque executes this Settlement Agreement and General Release, in accordance with the terms of this Settlement Agreement and General Release, including, but not limited to, all issues related to or arising out of Duque's employment with Protech and the cessation of Duque's employment with Protech, as follows:

WHEREAS, Duque filed a lawsuit against the Company, currently pending in the U.S. District Court, Northern District of Illinois, as Case No. 15-cv-6932 (hereafter "Pending Claim");

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1. <u>Payment Terms.</u> The Company shall pay the amounts set forth below after approval of this settlement of the Pending Claim by the District Court, after receipt by the Company's counsel of an original of this Settlement Agreement and General Release executed and dated by Duque and after Duque return the $1,000 check the Company had previously issued to him. The payments ("Settlement Payment") shall be made in the following manner:

    a. The Company will pay and cause to be delivered to Duque's attorney, John Billhorn, a check made payable to Duque in the gross amount of $2,725.50, less required payroll deductions. An IRS Form W-2 will be issued to Duque reflecting this payment.

    b. The Company will pay and cause to be delivered to Duque's attorney, John Billhorn, a check made payable to John Billhorn, in the amount of $3,162.50, which is attributable to attorneys' fees and costs in connection with the Pending Claim. The Company will issue an IRS Form 1099 to John Billhorn reflecting this payment.

2. <u>Release.</u>

    a. To the greatest extent permitted by law, Duque agrees to release the Company regarding all claims he has or might have as of the time of execution of this Settlement Agreement and General Release, whether known or unknown. By way of explanation, but not limiting its completeness, Duque hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges the Company from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Duque's employment with the Company, the cessation of him employment, and any alleged act or omission to act by the Released Parties, whether related or unrelated to him employment, occurring and/or accruing prior to the execution, by Duque, of

this Settlement Agreement and General Release.

   b. Without limiting the foregoing terms, this Settlement Agreement and General Release specifically includes any tort, and any and all claims Duque may have arising from any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law, and all claims under the Age Discrimination in Employment Act.

   c. This Settlement Agreement and General Release includes and extinguishes all claims Duque may have for equitable and legal relief, attorneys' fees and costs. More particularly, Duque acknowledges that this Settlement Agreement and General Release is intended to be a resolution of disputed claims and that Duque is not a "prevailing party." Moreover, Duque specifically intends and agrees that this Agreement and Release fully contemplates claims for attorney's fees and costs, and hereby waive, compromises, release and discharge any such claims and liens.

   d. Duque agrees that this release includes all claims and potential claims against the Company and any affiliated companies, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

   e. Duque promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release, except that Duque is not prohibited from bringing any claim under the Age Discrimination in Employment Act, as amended, wherein Duque seeks to challenge whether he knowingly and voluntarily entered into this Settlement Agreement and General Release, or from participating in any administrative matter before a government agency. Duque further waives any right to any form of recovery, compensation or other remedy in any action brought by him or on him behalf.

   f. Nothing in this release restricts Duque's right to enforce this Settlement Agreement and General Release and the promises set forth herein.

   g. To the greatest extent permitted by law, the Company agrees to release Duque regarding all claims it has or might have as of the time of execution of this Settlement Agreement and General Release, whether known or unknown. By way of explanation, but not limiting its completeness, the Company, hereby fully, finally and unconditionally settle, release, compromise, waive and forever discharges Duque from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Duque's employment with the Company, the cessation of him employment, and any alleged act or omission to act by Duque, whether related or unrelated to his employment, occurring and/or accruing prior to the execution, by the Company, of this

Settlement Agreement and General Release.

3. <u>Nonassignment.</u> Duque expressly promises the Company that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2); (b) any rights that he has or may have had to assert claims on him behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Duque promises that any monies, benefits or other consideration he receives from Protech is not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payment.

4. <u>Dismissal.</u> Duque agrees that all claims for relief (including attorneys' fees) in the Pending Claim will be dismissed, and that this dismissal is a condition precedent to the Company's obligations under this Settlement Agreement and General Release, including the payment of monies. Duque represents and warrants that he does not have any other claims against the Released Parties and that no such claims are pending before any court, agency or other person/entity other than those identified herein.

5. <u>Neutral Construction.</u> The language of all parts of this Settlement Agreement and General Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

6. <u>Complete Agreement.</u> This Settlement Agreement and General Release sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Settlement Agreement and General Release. The Parties understand and agree that all of the terms and promises of this Settlement Agreement and General Release, other than the "Whereas" clauses which are informational, are contractual and not a mere recital. However, the Parties expressly understand and agree that while the terms of this Agreement as expressed herein are complete as to Duque, this Agreement is expressly contingent upon Padilla's execution of the agreement offered to him and that the failure or refusal of Padilla to execute his agreement and release, or Padilla's revocation of his agreement thereafter, will render this Agreement null and void.

7. <u>Nonadmission.</u> This Settlement Agreement and General Release is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by the Released Parties of any (i) liability or wrongdoing to Duque, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Settlement Agreement and General Release. The Company specifically denies any liability or wrongdoing, and Duque agrees that he will not state, suggest or imply the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

8. <u>Nondisparagement and Neutral Reference.</u> Duque agrees they will refrain from making any disparaging statements, comments or remarks concerning the Company. The Company agrees that its executives and managers will refrain from making any disparaging statements, comments or remarks concerning Duque. Any employment verification or reference request involving Duque should be directed to the Company's President or Chief Operating Officer

("COO"). If the Company's President or COO receives an employment verification or reference request about Duque the Company agrees only to disclose that Duque was employed by the Company, the dates of employment and position(s) held and the Company further agrees and promises that nothing regarding this lawsuit will be mentioned or suggested in the course of rendering any employment verification information. This paragraph shall not apply to communications with immediate family, accountants and attorneys, any disclosure or statement relating to any proceeding to enforce the terms of this Settlement and Agreement and General Release, or as expressly authorized by law or lawful process.

9. <u>Medicare and Social Security</u>. Duque hereby warrants and represents that Duque presently is not, nor has ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Duque has no claim for Social Security Disability benefits nor is Duque appealing or re-filing for Social Security Disability benefits. Duque further warrants and represents that Duque did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Duque also warrants and represents that Medicare has not made any payments to or on behalf of Duque, nor has Duque made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement.

10. <u>Time To Consider Agreement.</u> Duque understand that he has been given twenty-one (21) days to consider and sign this Settlement Agreement and General Release (the "consideration period"), and acknowledges and agrees that this consideration period has been reasonable and adequate. Duque will have seven (7) days from the date he signs this Settlement Agreement and General Release to revoke it if he so desires. This Settlement Agreement and General Release shall not become effective or enforceable until this seven (7) day revocation period has expired, without revocation by Duque, provided the Parties have also continued to meet all of the conditions in this Settlement Agreement and General Release. If Duque has not communicated his acceptance of this offer to the Company before the expiration of this consideration period, this offer automatically expires at that time, and the Company is not required to take any further action to rescind or otherwise withdraw the terms of this Agreement.

11. <u>Right to Counsel.</u> Duque acknowledges that he was informed that he has the right to consult with an attorney before signing this Settlement Agreement and General Release and that this paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Duque acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this Settlement Agreement and General Release and that he has had an opportunity to and did negotiate over the terms of this Settlement Agreement and General Release.

12. <u>Employee Acknowledgment.</u> Duque declares that he has completely read this Settlement Agreement and General Release and acknowledges that it is written in a manner calculated for Duque to understand. Duque states that he does fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enters into this Settlement Agreement and General Release. Further, Duque agrees and acknowledges that he has had the full opportunity to investigate all matters pertaining to his claims and that the waiver and release of all rights or claims he may have under any local, state or federal law is knowing and voluntary.

**PLEASE READ CAREFULLY. THIS DOCUMENT INCLUDES
A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

David Duque                                    PROTECH SECURITY GROUP, INC.

_____         _____

Date: _____         Date: _____

4832-3560-5811, v. 1

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Gabriel Padilla ("Padilla") and Protech Security Group, Inc. ("Protech" or "the Company") (hereafter "the Parties") voluntarily agree to completely settle and resolve all claims Padilla has or may have against the Company as of the time Padilla executes this Settlement Agreement and General Release, in accordance with the terms of this Settlement Agreement and General Release, including, but not limited to, all issues related to or arising out of Padilla's employment with Protech and the cessation of Padilla's employment with Protech, as follows:

WHEREAS, Padilla filed a lawsuit against the Company, currently pending in the U.S. District Court, Northern District of Illinois, as Case No. 15-cv-6932 (hereafter "Pending Claim");

WHEREAS, the Parties want to avoid further controversy, litigation, costs, legal fees and inconvenience;

NOW, THEREFORE, for and in consideration of the provisions, covenants and mutual promises contained herein, the Parties hereby agree as follows:

1. <u>Payment Terms.</u> The Company shall pay the amounts set forth below after approval of this settlement of the Pending Claim by the District Court, after receipt by the Company's counsel of an original of this Settlement Agreement and General Release executed and dated by Padilla and after Padilla returns the check in the amount of $1,200 the Company had previously issued to him. The payments ("Settlement Payment") shall be made in the following manner:

    a. The Company will pay and cause to be delivered to Padilla's attorney, John Billhorn, a check made payable to Padilla in the gross amount of $2,449.50, less required payroll deductions. An IRS Form W-2 will be issued to Padilla reflecting this payment.

    b. The Company will pay and cause to be delivered to Padilla's attorney, John Billhorn, a check made payable to John Billhorn, in the amount of $3,162.50, which is attributable to attorneys' fees and costs in connection with the Pending Claim. The Company will issue an IRS Form 1099 to John Billhorn reflecting this payment.

2. <u>Release.</u>

    a. To the greatest extent permitted by law, Padilla agrees to release the Company regarding all claims he has or might have as of the time of execution of this Settlement Agreement and General Release, whether known or unknown. By way of explanation, but not limiting its completeness, Padilla hereby fully, finally and unconditionally settles, releases, compromises, waives and forever discharges the Company from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Padilla's employment with the Company, the cessation of his employment, and any alleged act or omission to act by the Released Parties, whether related

or unrelated to his employment, occurring and/or accruing prior to the execution, by Padilla, of this Settlement Agreement and General Release.

      b.    Without limiting the foregoing terms, this Settlement Agreement and General Release specifically includes any tort, and any and all claims Padilla may have arising from any federal, state or local constitution, statute, regulation, rule, ordinance, order, public policy, contract or common law, and all claims under the Age Discrimination in Employment Act.

      c.    This Settlement Agreement and General Release includes and extinguishes all claims Padilla may have for equitable and legal relief, attorneys' fees and costs. More particularly, Padilla acknowledges that this Settlement Agreement and General Release is intended to be a resolution of disputed claims and that Padilla is not a "prevailing party." Moreover, Padilla specifically intends and agrees that this Agreement and Release fully contemplates claims for attorney's fees and costs, and hereby waives, compromises, releases and discharges any such claims and liens.

      d.    Padilla agrees that this release includes all claims and potential claims against the Company and any affiliated companies, including their parents, subsidiaries, divisions, partners, joint venturers, sister corporations, and as intended third-party beneficiaries, their predecessors, successors, heirs and assigns, and their past, present and future owners, directors, officers, members, agents, attorneys, employees, representatives, trustees, administrators, fiduciaries and insurers, jointly and severally, in their individual, fiduciary and corporate capacities (collectively referred to as the "Released Parties").

      e.    Padilla promises and covenants that he will not file any lawsuit against the Released Parties based upon any claim covered under the foregoing release, except that Padilla is not prohibited from bringing any claim under the Age Discrimination in Employment Act, as amended, wherein Padilla seeks to challenge whether he knowingly and voluntarily entered into this Settlement Agreement and General Release, or from participating in any administrative matter before a government agency. Padilla further waives any right to any form of recovery, compensation or other remedy in any action brought by him or on his behalf.

      f.    Nothing in this release restricts Padilla's right to enforce this Settlement Agreement and General Release and the promises set forth herein.

      g.    To the greatest extent permitted by law, the Company agrees to release Padilla regarding all claims it has or might have as of the time of execution of this Settlement Agreement and General Release, whether known or unknown. By way of explanation, but not limiting its completeness, the Company, hereby fully, finally and unconditionally settle, release, compromise, waive and forever discharges Padilla from and for any and all claims, liabilities, suits, discrimination or other charges, personal injuries, demands, debts, liens, damages, costs, grievances, injuries, actions or rights of action of any nature whatsoever, known or unknown, liquidated or unliquidated, absolute or contingent, in law or in equity, which was or could have been filed with any federal, state, local or private court, agency, arbitrator or any other entity, based directly or indirectly upon Padilla's employment with the Company, the cessation of his employment, and any alleged act or omission to act by Padilla, whether related or unrelated to his

employment, occurring and/or accruing prior to the execution, by the Company, of this Settlement Agreement and General Release.

3. <u>Nonassignment.</u> Padilla expressly promises the Company that he has not assigned or transferred, or purported to assign or transfer, and will not assign or otherwise transfer: (a) any claims, or portions of claims, against the Released Parties (as defined in Paragraph 2); (b) any rights that they have or may have had to assert claims on his/their behalf or on behalf of others against the Released Parties; and (c) any right he has or may have to the Settlement Payment. Padilla promises that any monies, benefits or other consideration he receives from Protech are not subject to any liens, garnishments, mortgages or other charges, and no one else has any claim to any portion of the Settlement Payment.

4. <u>Dismissal.</u> Padilla agrees that all claims for relief (including attorneys' fees) in the Pending Claim will be dismissed, and that this dismissal is a condition precedent to the Company's obligations under this Settlement Agreement and General Release, including the payment of monies. Padilla represents and warrants that he does not have any other claims against the Released Parties and that no such claims are pending before any court, agency or other person/entity other than those identified herein.

5. <u>Neutral Construction.</u> The language of all parts of this Settlement Agreement and General Release shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted the Agreement.

6. <u>Complete Agreement.</u> This Settlement Agreement and General Release sets forth all of the terms and conditions of the agreement between the Parties concerning the subject matter hereof and any prior oral communications are superseded by this Settlement Agreement and General Release. The Parties understand and agree that all of the terms and promises of this Settlement Agreement and General Release, other than the "Whereas" clauses which are informational, are contractual and not a mere recital. However, the Parties expressly understand and agree that while the terms of this Agreement as expressed herein are complete as to Padilla, this Agreement is expressly contingent upon Duque's execution of the agreement offered to him and that the failure or refusal of Duque to execute his agreement and release, or Duque's revocation of his agreement thereafter, will render this Agreement null and void.

7. <u>Nonadmission.</u> This Settlement Agreement and General Release is being entered into solely for the purpose of settling disputed claims, and shall not be construed as: (a) an admission by the Released Parties of any (i) liability or wrongdoing to Padilla and/or Duque, (ii) breach of any agreement, or (iii) violation of a statute, law or regulation; or (b) a waiver of any defenses as to those matters within the scope of this Settlement Agreement and General Release. The Company specifically denies any liability or wrongdoing, and Padilla agrees that he will not state, suggest or imply the contrary to anyone, either directly or indirectly, whether through counsel or otherwise.

8. <u>Nondisparagement and Neutral Reference.</u> Padilla agrees he will refrain from making any disparaging statements, comments or remarks concerning the Company. The Company agrees that its executives and managers will refrain from making any disparaging statements, comments or remarks concerning Padilla. Any employment verification or reference request

involving Padilla should be directed to the Company's President or Chief Operating Officer ("COO"). If the Company's President or COO receives an employment verification or reference request about Padilla the Company agrees only to disclose that Padilla was employed by the Company, the dates of employment and position(s) held and the Company further agrees and promises that nothing regarding this lawsuit will be mentioned or suggested in the course of rendering any employment verification information. This paragraph shall not apply to communications with immediate family, accountants and attorneys, any disclosure or statement relating to any proceeding to enforce the terms of this Settlement and Agreement and General Release, or as expressly authorized by law or lawful process.

9. <u>Medicare and Social Security</u>. Padilla hereby warrants and represents that Padilla presently is not, nor has ever been enrolled in Medicare Part A or Part B or applied for such benefits, and that Padilla has no claim for Social Security Disability benefits nor is Padilla appealing or re-filing for Social Security Disability benefits. Padilla further warrants and represents that Padilla did not incur any physical injuries or receive medical care arising from or related to any of the claims released by this Agreement. Padilla also warrants and represents that Medicare has not made any payments to or on behalf of Padilla, nor has Padilla made any claims to Medicare for payments of any medical bills, invoices, fees or costs, arising from or related to any of the claims released by this Agreement.

10. <u>Time To Consider Agreement.</u> Padilla understand that he has been given twenty-one (21) days to consider and sign this Settlement Agreement and General Release (the "consideration period"), and acknowledge and agrees that this consideration period has been reasonable and adequate. Padilla will have seven (7) days from the date he signs this Settlement Agreement and General Release to revoke it if he so desires. This Settlement Agreement and General Release shall not become effective or enforceable until this seven (7) day revocation period has expired, without revocation by either Padilla, provided the Parties have also continued to meet all of the conditions in this Settlement Agreement and General Release. If Padilla has not communicated acceptance of this offer to the Company before the expiration of this consideration period, this offer automatically expires at that time, and the Company is not required to take any further action to rescind or otherwise withdraw the terms of this Agreement.

11. <u>Right to Counsel.</u> Padilla acknowledges that he was informed that he has the right to consult with an attorney before signing this Settlement Agreement and General Release and that this paragraph shall constitute written notice of the right to be advised by legal counsel. Additionally, Padilla acknowledges that he has been advised by competent legal counsel of his own choosing in connection with the review and execution of this Settlement Agreement and General Release and that he has had an opportunity to and did negotiate over the terms of this Settlement Agreement and General Release.

12. <u>Employee Acknowledgment.</u> Padilla declares that he has completely read this Settlement Agreement and General Release and acknowledges that it is written in a manner calculated for Padilla to understand. Padilla states that he does fully understand its terms and contents, including the rights and obligations hereunder, and freely, voluntarily and without coercion enters into this Settlement Agreement and General Release. Further, Padilla agrees and acknowledge that he has had the full opportunity to investigate all matters pertaining to his

claims and that the waiver and release of all rights or claims he may have under any local, state or federal law is knowing and voluntary.

**PLEASE READ CAREFULLY. THIS DOCUMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

Gabriel Padilla

_____

Date: _____

PROTECH SECURITY GROUP, INC.

_____

Date: _____

4833-3005-3426, v. 2